**UNITED STATES of America, Plaintiff,**

v.

**Darrell D. BILLHEIMER, et al., Defendants.**

**No. C–3–99–402.**

United States District Court, S.D. Ohio, Western Division.

Sept. 5, 2000.

Pamela M. Stanek, United States Attorney's Office, Dayton, OH, Lydia D. Bottome, U.S. Department of Justice, Tax Division, Washington, DC, for plaintiff.

Darrell D. Billheimer, Springfield, OH, pro se.

Joan B. Billheimer, Springfield, OH, pro se.

John Huber, Springfield, OH, pro se.

DECISION AND ENTRY OVERRULING MOTION TO QUASH SUMMONS (DOC. # 7–1) FILED BY DEFENDANT DARRELL BILLHEIMER AND DEFENDANT JOAN BILLHEIMER; MOTION FOR WRIT OF QUO WARRANTO (DOC. # 7–2) FILED BY DEFENDANT DARRELL BILLHEIMER AND DEFENDANT JOAN BILLHEIMER OVERRULED; PLAINTIFF'S MOTION TO DISMISS (DOC. # 11) OVERRULED, WITHOUT PREJUDICE TO RENEWAL[1]

RICE, Chief Judge.

The Plaintiff commenced this action on August 18, 1999, seeking (1) to reduce to judgment unpaid federal tax assessments against Defendant Darrell Billheimer, (2) to set aside an allegedly fraudulent conveyance of property from Defendants Darrell and Joan Billheimer to Defendant Pea Chee Blue Trust, (3) to obtain a declaration that Defendant Pea Chee Blue Trust is the nominee or alter ego of Defendant Darrell Billheimer, and (4) to foreclose upon the federal tax liens on the real property at issue.[2] (Complaint, Doc. # 1). Pending before the Court are three Motions: (1) a Motion to Quash Summons (Doc. # 7–1) filed by Defendants Darrell and Joan Billheimer; (2) a Motion for a Writ of Quo Warranto (Doc. # 7–2) filed by Defendants Darrell and Joan Billheimer; and (3) a Motion to Dismiss for Lack of Subject–Matter Jurisdiction (Doc. # 11) filed by the Plaintiff. For the reasons set forth more fully below, the Motion to Quash (Doc. # 7–1) and Motion for a Writ

of Quo Warranto (Doc. # 7–2) will be overruled, and the Plaintiff's Motion to Dismiss (Doc. # 11) will be overruled, without prejudice to renewal.

I. *Motion to Quash Summons (Doc. # 7–1)*

■ In this Motion, the Billheimers seek to quash a summons directing them to file an answer to the Plaintiff's Complaint within 20 days. In support, the Billheimers argue, *inter alia,* that they are not "persons" who are subject to any "taxing statute." (Doc. # 7–1 at 2). They also reason that the Plaintiff has not presented any evidence of a tax assessment against them. (*Id.*). In addition, the Billheimers argue that they never received notice of any requirement to maintain tax records. (*Id.* at 3). They also insist that the Plaintiff has failed to present evidence of any taxable activity or its authority to collect a tax. (*Id.* at 3–4). Finally, the Billheimers contend that the Plaintiff has refused to comply with its own laws and regulations. In particular, they suggest, with little explanation: (1) that the present action is barred by the applicable statute of limitations, (2) that the Plaintiff has not established jurisdiction over them; and (3) that they have satisfied all tax liabilities. (*Id.* at 4–6).

Upon review, the Court finds the Billheimers' Motion to Quash to be meritless. Although the Billheimers appear to contest the Court's personal jurisdiction over them, they admit that they are residents of Clark County, Ohio. (*Id.* at 1). Given that

---

1. The Court's docket records reflect a pending Motion to Quiet Title (Doc. # 8) filed by Defendant John Huber, as Trustee for the Pea Chee Blue Trust. Having reviewed that pleading, the Court notes that it is actually a Complaint to Quiet Title, and not a pending Motion. In response, the Plaintiff has filed an Answer which is styled, "United States' Reply to Counterclaim to Quiet Title." (Doc. # 12).

2. In addition to the parties identified, *infra,* the Plaintiff's Complaint names Phil Caldwell, a Trustee for the Pea Chee Blue Trust, as a Defendant in this action. The Court notes, however, that the Plaintiff has not yet served process on him. (Doc. # 13).

admission, any suggestion that the Court lacks personal jurisdiction over them is frivolous. Furthermore, the Billheimers do not contend that they received defective service of process. Consequently, the Court discerns no basis for quashing the summons served on them. Insofar as the Billheimers contest their tax liability on the various substantive and procedural grounds set forth above, their arguments simply provide no basis for quashing the summons.[3]

As a result, the Billheimers' Motion to Quash Summons (Doc. # 7–1) is hereby overruled.

## II. *Motion for Writ of Quo Warranto (Doc. # 7–2)*

The Billheimers also seek a writ of quo warranto, directing the Plaintiff to provide evidence of its authority to enforce the summons served on them. (Doc. 7–2 at 2). In support, they advance exactly the same arguments set forth, *supra*, in connection with their failed Motion to Quash. (*Id.* at 1–6).

▮ Upon review, the Court concludes that the Billheimers have not demonstrated their entitlement to a writ of quo warranto. The Sixth Circuit discussed the nature of that writ in *Smith v. Dearborn Financial Services, Inc.*, 982 F.2d 976 (6th Cir.1993), stating:

> ... Quo warranto is an extremely difficult and uncertain remedy. *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C.Cir. 1984). Historically, the federal common law remedy of quo warranto has been available only in connection with proceedings over an individual's right to hold an office or position. *See Sundance Land Corp. v. Community First Fed. Sav. and Loan Ass'n*, 840 F.2d 653, 665 (9th Cir.1988). "Since the remedy by quo warranto, ... is ... employed to

test the actual right to an office or franchise, it follows that it can afford no relief for official misconduct and can not be employed to test the legality of the official action of public or corporate officers." *United States ex rel. State of Wis. v. First Fed. Sav. and Loan Ass'n*, 248 F.2d 804, 808 (7th Cir.1957), *cert. denied*, 355 U.S. 957, 78 S.Ct. 543, 2 L.Ed.2d 533 (1958)....

*Id.* at 981.

The Eighth Circuit recently identified "quo warranto" as "a form of action in which the legal validity of a town or other public entity is drawn in question. Quo warranto is traditionally brought by the sovereign, or some representative of the sovereign." *Country Club Estates v. Town of Loma Linda*, 213 F.3d 1001, 1003 (8th Cir .2000). Finally, in *Sundance Land Corp. v. Community First Federal Savings and Loan Association*, 840 F.2d 653, 665 (9th Cir.1988), the court recognized that "[t]he federal common law remedy of quo warranto is not applicable in cases ... seeking an injunction against collection of a debt or foreclosure on property. Historically, the federal common law remedy has been available only in connection with proceedings over an individual's right to hold an office or position."

In light of the foregoing authorities, the Court finds the Billheimers' Motion for a Writ of Quo Warranto to be unpersuasive. The present Motion does not concern the right of any government official to hold office or position. Nor does it involve the legal validity of any town or public entity. Finally, the Billheimers have not brought their Motion on behalf of any sovereign. As a result, their Motion for a Writ of Quo Warranto (Doc. # 7–2) is hereby overruled.

---

**3.** The Billheimers may, however, assert their arguments as defenses in the present action.

## III. *Motion to Dismiss (Doc. # 11)*

In this Motion, the Plaintiff seeks the dismissal of a request for injunctive relief made by the Billheimers. The request for injunctive relief is contained in the Billheimers' combined Motion to Quash (Doc. # 7–1) and Motion for a Writ of Quo Warranto (Doc. # 7–2), which has been addressed, *supra.*[4] After arguing that the summons served upon them should be quashed, and that they are entitled to a writ of quo warranto, the Billheimers request a "permanent injunction in this matter." (Doc. # 7 at 6).

In response, the United States has moved to dismiss the Billheimers' claim for injunctive relief, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject-matter jurisdiction. In support, the United States argues that the requested injunctive relief is barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), which provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."

Certain statutory and judicially created exceptions narrow the otherwise broad scope of the Anti–Injunction Act. *See Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); 26 U.S.C. § 7421(a). In support of its Motion to Dismiss, however, the Plaintiff argues that the Billheimers have failed to allege, and cannot prove, facts to support any of the exceptions to the Anti–Injunction Act. As a result, the Plaintiff contends that the Court lacks subject-matter jurisdiction over the Billheimers' request for injunctive relief. *See, e.g., Gardner v. United States*, 211 F.3d 1305, 1311 (D.C.Cir.2000) (recognizing that a district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Anti–Injunction Act.").

Upon review, the Court finds the Plaintiff's argument to be unpersuasive. For purposes of determining whether it has subject-matter jurisdiction over the Billheimers' claim for injunctive relief, the Court must accept as true all factual allegations in support of that claim. *Id.* In the present case, those factual allegations are set forth in the Billheimers' combined Motion to Quash (Doc. # 7–1) and Motion for a Writ of Quo Warranto (Doc. # 7–2), which, as noted above, also contains their request for injunctive relief. Taken as true, and construed most strongly in their favor, the Billheimers' factual allegations *do* support the applicability of one exception to the Anti–Injunction Act.

The Billheimers first complain that the Government failed to provide evidence of a tax assessment when serving them with their summons. (Doc. # 7 at 2). · They also complain that the Government failed to point out any law requiring them to keep records, books or statements for the relevant tax years. (*Id.* at 3). The Billheimers next contend that they have not engaged in any taxable activity, and that the Government has not identified any law that authorizes the collection of a tax. (*Id.* at 3). Finally, the Billheimers allege generally that the Government has failed "to comply with the law and [its] own administrative statutes, rules and regulations in this matter." (*Id.* at 4). Upon review, the Court concludes that none of the foregoing arguments implicates a recognized exception to the Anti–Injunction Act.

---

4. On November 2, 1999, the Billheimers filed a single pleading styled "Response, Complaint and Motion to Quash Summons and Demand for Quo Warranto." (Doc. # 7). In its analysis, *supra,* the Court has addressed the Motion to Quash (Doc. # 7–1) and the demand for a Writ of Quo Warranto (Doc. # 7–2). The only remaining issue, which will be addressed below, is the Billheimers' request for injunctive relief.

 Notably, however, the Billheimers also allege, albeit in somewhat conclusory fashion, that they simply do not owe the Government any unpaid taxes. In particular, the Billheimers insist that they "have satisfied all tax liabilities ... and [have] met all filing requirements imposed by law." (*Id.* at 5). In order to come within the scope of the judicially created exception to the Anti–Injunction Act, a plaintiff must establish (1) that there is no chance of the Government prevailing on its claim, and (2) that he will suffer irreparable injury without injunctive relief. *See Enochs*, 370 U.S. at 6–8, 82 S.Ct. 1125. Turning first to the latter requirement, irreparable injury, the Court harbors no doubt that the Billheimers' loss of their residence through the requested foreclosure and judicial sale would constitute an irreparable injury. *See, e.g., United States v. Davenport*, 106 F.3d 1333, 1335 (7th Cir.1997) ("[T]he possibility of irreparable harm is plain. The order entered by the district court directs the immediate sale of a unique parcel of land, appellants' marital residence. The bona fide purchaser of the residence at a judicial sale would be under no obligation to later return title to the Davenports should the district court's order be ruled error.").

 With respect to the former requirement, the likelihood of the Plaintiff succeeding on the merits, the Supreme Court reasoned in *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 628, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976), that a taxpayer may *seek* injunctive relief under *Enochs*, based on nothing more than a conclusory allegation that he owes no tax (provided, of course, that the taxpayer also alleges irreparable harm). The taxpayer may then inquire into the factual basis for the Government's assertion that he owes

taxes. *Id.* at 629–632, 96 S.Ct. 1062. If, at any time, the Government wishes to obtain the dismissal of a taxpayer suit for injunctive relief under *Enochs*, it may do so merely by filing one or more affidavits disclosing "basic facts from which it appears that the Government may prevail." *Id.* at 633, 96 S.Ct. 1062. Once the Government presents a district court with such evidence, the taxpayer's claim for injunctive relief must be dismissed, pursuant to the Anti–Injunction Act, for lack of subject-matter jurisdiction.

In the present case, the Billheimers have alleged that they do not owe any unpaid taxes. In response, the Government merely insists, without any supporting evidence, that Darrell Billheimer does owe unpaid taxes.[5] Absent a factual inquiry into these conflicting conclusory allegations, it is impossible to tell whether the Government has "any chance of ultimately prevailing." *Shapiro*, 424 U.S. at 632, 96 S.Ct. 1062. In such a posture, the Government is not entitled to the dismissal of a claim for injunctive relief, pursuant to the Anti–Injunction Act. *Id.* Accordingly, the Court will overrule the Plaintiff's Motion to Dismiss (Doc. # 11), without prejudice to renewal. If the Plaintiff wishes to renew its Motion, it must include an affidavit, setting forth facts to show that it could prevail on the merits of its lawsuit against the Billheimers.

In the interest of completeness, the Court next must consider whether any of the statutory exceptions found in the Anti–Injunction Act apply in the present case. In relevant part, the Act states:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6331(i), 6672(b), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or

5. The present lawsuit by the Government concerns only taxes owed by Darrell Billheimer. (Doc. # 1 at 7–8). Joan Billheimer has been named as a Defendant only because she has an interest in the real estate at issue.

collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

Upon review, the Court concludes that the foregoing exceptions are not pertinent to this litigation. Section 6015 involves the stay of collection activities against certain joint filers during Tax Court proceedings and has no applicability herein. Section 6212 requires the Government to provide notice of a tax deficiency. The Billheimers do not argue they failed to receive such notice.[6] Section 6213 concerns petitions to the Tax Court and has no conceivable applicability herein. Likewise, § 6225 and § 6246 do not apply, as they involve partnerships. Section 6331 involves levies for taxes during refund suits and has no conceivable applicability herein. Section 6672 involves the posting of a bond and concerns the collection of "trust fund" taxes from a corporate taxpayer, which also has no possible applicability to the present case. Likewise, § 6694 does not apply, as it involves the understatement of a taxpayer's liability by a tax preparer. Section 7426 also has no applicability, as it involves actions by third persons to contest administrative levies on property in which they have an interest.[7] Section 7429 concerns

judicial review following administrative review of "jeopardy assessment" procedures and has no applicability to the present case. Finally, § 7436 involves proceedings for the determination of employment status, which has no applicability herein.

Given that none of the foregoing statutory exceptions to the Anti–Injunction Act has any applicability in the present case, the Billheimers may not rely upon them. For the reasons set forth more fully above, however, the Court will overrule the Plaintiff's Motion to Dismiss (Doc. # 11), without prejudice to renewal, because the judicial exception recognized in *Enochs, supra,* remains potentially applicable.

## IV. *Conclusion*

Based on the reasoning and citation of authority set forth above, the Motion to Quash Summons (Doc. # 7–1) filed by Defendants Darrell and Joan Billheimer is overruled. The Motion for a Writ of Quo Warranto (Doc. # 7–2) filed by Defendants Darrell and Joan Billheimer is overruled. The Motion to Dismiss (Doc. # 11) filed by the Plaintiff is overruled, without prejudice to renewal.

6. As set forth above, the Billheimers argue only that the Government failed to present them with *proof* of an assessment when serving them with their summons. This argument has nothing to do with whether the Billheimers received proper notice of a tax deficiency before the Government imposed an assessment in 1997.

7. In the present case, the Government imposed a tax assessment on only Darrell Billheimer. Consequently, Joan Billheimer is a "third person" and not the taxpayer at issue in the present litigation. She has been named as a Defendant only because she has an interest in the subject real property. Despite that interest, she cannot invoke § 7426 because it

allows a person with an interest in property to challenge an administrative *levy,* which can only be brought against property belonging to the delinquent taxpayer. *See* 26 U.S.C. § 6331. The present case does not involve an administrative levy. Rather, it is a judicial *foreclosure* action brought by the Government pursuant to 26 U.S.C. § 7403, which authorizes the foreclosure and sale of "any property, of whatever nature," in which the delinquent taxpayer has any right, title or interest. Foreclosure and sale are allowed "even though an innocent third party also has an interest in the property...." *United States v. Bierbrauer,* 936 F.2d 373, 374 (8th Cir.1991); *see also United States v. Hunwardsen,* 39 F.Supp.2d 1157, 1160–1161 (N.D.Iowa 1999).